```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     ATHENS DIVISION
```

| | |
|---|---|
| PATSY M. ADAMS, | * |
|     Plaintiff, | * |
| vs. | *     CASE NO. 3:17-CV-158 (CDL) |
| LORRIE HIGGINBOTHAM, *Elbert County Tax Commissioner*, | * |
| | * |
|     Defendant. | * |

O R D E R

After her husband's death, Plaintiff Patsy Adams petitioned the Elbert County Probate Court for an award of year's support from four of their jointly owned properties. *See* O.C.G.A. § 53-3-1(c). Adams served the Elbert County Tax Commissioner, Defendant Lorrie Higginbotham, with statutory notice and a copy of the petition as required by law. The notice required Higginbotham to object to the petition by April 17, 2017.

Higginbotham did not object in the probate court. Instead, based upon unpaid property taxes, she issued tax liens on the four properties on the general execution docket in Elbert County Superior Court. The probate court subsequently conducted a hearing on Adams's petition for a year's support. The probate court then granted Adams's petition and awarded all four of the newly encumbered properties as an award of year's support.

Adams then brought this action in Elbert County Superior Court seeking the following remedies: (1) mandamus relief compelling Higginbotham to cancel the tax liens; (2) an order of contempt of court against Higginbotham requiring enforcement of the probate court's award; (3) declaratory relief confirming the validity of the probate court's award; (4) damages based on slander of title and taking of property under the state and federal constitutions; and (5) attorney's fees. Petition 5-8, ECF No. 1-2. Higginbotham removed the state court action to this Court based on federal question jurisdiction supported by Adams's federal constitutional takings claim. The parties' motions for summary judgment are presently pending before the Court.

Federal courts have limited jurisdiction and have a duty to evaluate *sua sponte* whether they have subject matter jurisdiction over the controversy presented. Although not raised by the parties, it appears that the Tax Injunction Act ("TIA") may preclude subject matter jurisdiction here. The TIA bars jurisdiction when "(1) the relief requested by the plaintiff would enjoin, suspend, or restrain a state tax assessment, and (2) the state affords the plaintiff a plain, speedy, and efficient remedy." *Kelly v. Ala. Dep't of Revenue*, 638 F. App'x 884, 889 (11th Cir. 2016) (per curiam); 28 U.S.C. § 1341. The TIA "limits jurisdiction which might otherwise exist" and is "intended to prevent taxpayers from using federal courts to raise questions of

state or federal law relating to the validity of particular taxes." *Id*. at 888-89 (quoting *Osceola v. Fla. Dep't of Revenue*, 893 F.2d 1231, 1232-33 (11th Cir. 1990)).

Here, the first three counts of Adams's complaint seek injunctive and declaratory relief invalidating or canceling the tax liens. The Court can conceive of no reason why it has subject matter jurisdiction over these claims in light of the TIA. *See id*. (recognizing that plaintiff's requests for injunctive and declaratory relief are plainly barred). The Court also notes that the TIA "bars claims for damages because a monetary award against the state or its tax administrators would have the same detrimental effect on the state as equitable relief, and would dampen state tax collectors." *Id*. at 889. It appears undisputed that Adams's damages claims based on unconstitutional takings under the state or federal constitutions would dampen Elbert County's efforts to collect property taxes and thus fall within the TIA jurisdictional prohibition. Additionally, no one has suggested that Adams's available state remedies are insufficient. Based on the foregoing, the Court has serious concerns about its subject matter jurisdiction over this action. But rather than remand this action *sua sponte,* the Court finds that the parties should be given an opportunity to be heard.

Even if the TIA does not prevent federal jurisdiction here, the Court has concerns about whether Adams's federal takings claim

3

is ripe for adjudication in this Court, and if it is not, the effect on this Court's continued jurisdiction. "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id*. at 195. Because Higginbotham removed this action to this Court before Adams had an opportunity to fully pursue her state remedies, it appears that Adams's state law claims for damages and injunctive relief have not been exhausted and no showing has been made that those state law remedies are inadequate. If the federal takings claim is not ripe for adjudication in this Court, the Court may not have subject matter jurisdiction over it and would likewise have no basis to exercise supplemental jurisdiction over the state law claims. But before the Court remands for this reason, the Court finds that the parties should be given an opportunity to respond.

Within twenty-one days of today's order, the parties shall file briefs showing whether this action should be remanded to state court because (1) the TIA prohibits this Court from exercising subject matter jurisdiction over this action; and (2) the federal

4

claim asserted in this action is not ripe for adjudication even if the TIA does not prohibit jurisdiction.

IT IS SO ORDERED, this 13th day of August, 2018.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA